ORIGINAL

1     William L. Miltner, Esq. / SBN 139097
Walter E. Menck, Esq. / SBN 153026
2     Teresa L. Polk, Esq./SBN 111975
**MILTNER LAW GROUP, APC**
3     Emerald Plaza
402 West Broadway, Suite 800
4     **San Diego, California 92101**
Telephone (619) 615-5333
5     Telefax (619) 615-5334

```
FILED
JAN 13 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY
```

6 Attorneys for Plaintiff LISA McCONNELL, INC., d.b.a. IMAGE ONE

7

8             **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   LISA McCONNELL, INC., d.b.a. IMAGE ONE, a California Corporation, | **Case No.:** **09 CV 0 061 IEG AJB** |
| 12          Plaintiff, | **COMPLAINT FOR:** |
| 13   v. | **(1) COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §101,** *et. seq.***;** |
| 14   IDEARC, INC., doing business as IDEARC MEDIA, SUPERPAGES.COM and | **(2) VICARIOUS COPYRIGHT INFRINGEMENT;** |
| 15   VERIZON YELLOW PAGES, a corporation; IDEARC MEDIA CORP., a | **(3) CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND** |
| 16   corporation; IDEARC MEDIA SALES WEST, INC., a corporation; IDEARC | **(4) FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)** |
| 17   MEDIA SERVICES - WEST, INC., a corporation; VERIZON | **(5) UNFAIR COMPETITION (CALIF. BUSINESS & PROFESSIONS CODE 17200 ET SEQ.)** |
| 18   COMMUNICATIONS, INC., a corporation; VERIZON YELLOW PAGES COMPANY, | |
| 19   a corporation; and DOES 1 through 10, inclusive, | **[PLAINTIFFS DEMAND JURY TRIAL PER F.R.C.P. 38]** |
| 20          Defendants. | |

22

23        Plaintiff LISA McCONNELL, INC., d.b.a. IMAGE ONE (hereinafter referred to as

24 "Plaintiff" or "IMAGE ONE") alleges against the above-named Defendants as follows:

25                     <u>**NATURE OF ACTION**</u>

26        1.       This is an action for copyright infringement under the Copyright Act of 1976, 17

27 U.S.C. §§ 101, *et seq.*; for trademark infringement under Section 43(a) of the Lanham Act, 15

28 ///

1  U.S.C. 1125(a); for unfair business practices under California Business & Professions Code section

2  17200; and for related counts thereto.

3                                    **JURISDICTION**

4      1.      Jurisdiction is proper in this Court in that there is in issue a federal question

5  concerning the infringement of various copyrights and trademarks, and a related state law cause

6  of action for unfair competition and other unfair business practices, by virtue of 28 U.S.C. §§ 1331,

7  1338 and 1367.

8                                       **VENUE**

9      2.      Venue in this action properly lies in the Southern District of California under 28

10  U.S.C. §§ 1391 and 1400(a) in that the defendants are believed to reside in this judicial district as

11  defined by Section 1391(c), and in that a substantial part of the events or omissions giving rise to

12  the claim occurred in the Southern District of California, where the Defendants have published

13  infringing advertisements and have derived significant income from advertisement sales to the

14  public related to the infringement claims at issue herein.

15                                  **THE PARTIES**

16      3.      Plaintiff, IMAGE ONE, is, and at all times herein mentioned was, a California

17  corporation duly organized and existing under and by virtue of the laws of the State of California

18  with its principal place of business in the City of San Diego, County of San Diego, State of

19  California.

20      4.      Plaintiff is informed and believes, and based thereon alleges, that Defendants, and

21  each of them, are and all times herein mentioned were, corporations duly organized and existing

22  under and by virtue of the laws of the State of Delaware and were duly authorized to conduct

23  business in the State of California, except that, on information and belief, defendant IDEARC, INC.

24  is not authorized to do business in the State of California except through its defendant subsidiaries,

25  and except that defendant VERIZON YELLOW PAGES COMPANY is no longer an active

26  corporation.  Hereinafter all named Defendants will be collectively referred to as "Defendants".

27  On information and belief, all of the Defendants named herein have engaged in business within this

28  judicial district related to the copyright infringing advertising in issue herein. Defendant IDEARC,

1   INC. was formed by VERIZON COMMUNICATIONS, INC. and VERIZON YELLOW PAGES,

2   INC. on or about November 17, 2006 and, since that time, IDEARC, INC. and its subsidiaries have

3   published yellow pages directories for VERIZON COMMUNICATIONS, INC. as its agent.  On

4   information and belief, Defendants IDEARC, INC., in turn, formed Defendants IDEARC MEDIA

5   CORP., IDEARC MEDIA SALES WEST, INC., and IDEARC MEDIA SERVICES - WEST, INC.,

6   each of which participated in the sales of yellow pages advertising, design and preparation of such

7   advertising, and publishing of yellow pages advertising, as the agent of VERIZON

8   COMMUNICATIONS, INC. and otherwise.

9                                                **DEMAND FOR JURY TRIAL**

10          5.       Plaintiffs demand a jury trial.

11                                                **BACKGROUND FACTS**

12          6.       Since 1993, IMAGE ONE has created and published unique and original images and

13   composites, including advertisement templates, graphic designs, text and artwork, intended for use

14   as a business.

15          7.       IMAGE ONE pioneered and defined a new niche in the advertising industry in 1993.

16   By combining high-end three-dimensional graphic art in yellow page advertising, IMAGE ONE

17   created a new type advertisement in an old and familiar medium.  These unique advertisements

18   created by IMAGE ONE are the subject of this Complaint (herein after referred to as the "Subject

19   Works.").

20          8.       IMAGE ONE produces these high-end graphics for customers seeking to advertise

21   by unique advertisements in the yellow page telephone directories and yellow pages websites.

22   Utilizing original IMAGE ONE artwork and in a few instances, innovative and new derivations of

23   images licensed to IMAGE ONE, IMAGE ONE creates new and original artwork to develop

24   unique and distinct images which it then incorporates into templates for use in advertising.

25          9.       IMAGE ONE, in the creation of its innovative advertisements, developed a new

26   market in the yellow page advertising industry.  Since IMAGE ONE's inception, any new

27   competitors in this market have consistently looked to IMAGE ONE's artwork as the industry

28   standard upon which all other work is measured.

1       10.    The superior quality of IMAGE ONE's original and innovative artwork and its

2 revolutionary impact on the yellow page industry is reflected in an independent study conducted

3 by the Wharton School of Business on the impact of certain yellow pages designs in generating

4 customer responses.

5       11.    IMAGE ONE has complied in all respects with the copyright laws of the United

6 States of America, Title 17 U.S.C. §§ 101, et seq.  IMAGE ONE has secured the exclusive rights

7 and privileges to the copyrights in approximately 451 templates and individual advertisements by

8 properly registering the same with the United States Copyright Office as of the date of this

9 Complaint.  IMAGE ONE is in the process of registering, and plans to register, additional

10 templates and individual advertisements which are also the subject of this action in view of

11 Defendants' continuing acts of infringement.  All such registered templates and individual

12 advertisements are hereinafter referred to as "Registered Works."  IMAGE ONE has certificates

13 of registration from the United States Copyright Office or holds copies of the registration forms

14 with proof of mailing to United States Copyright Office for all of the Registered Works.  Attached

15 as Exhibit "1" to the Notice of Lodgment filed concurrently herewith is a true and correct copy of

16 a list identifying the templates and individual advertisements registered by IMAGE ONE with the

17 United States Copyright Office.

18       12.    IMAGE ONE currently is, and at all times relevant hereto was, the sole owner of

19 all right, title, and interest in and to the copyright in the Subject and Registered Works.  IMAGE

20 ONE has produced and distributed the Subject and Registered Work in strict conformity with the

21 provisions of the Copyright Act of 1976 and all other laws governing copyright.

22       13.    IMAGE ONE's work circulates throughout the country in numerous phone books

23 and on related internet yellow pages websites, giving Defendants access to IMAGE ONE's work.

24 Many third parties acquire advertisements from IMAGE ONE which are then submitted to

25 Defendants by IMAGE ONE for legitimate display and distribution.  Defendants consequently had

26 access and an opportunity to copy Plaintiff's work.

27       14.    In a prior copyright infringement action, IMAGE ONE filed suit against Defendants'

28 predecessors in interest GTE Directories Corporation and its subsidiaries ("GTE"); and Bell

1 Atlantic Directory Services, Inc. and Bell Atlantic Yellow Pages Company (subsequently known

2 as Verizon Directory Services, Inc. and Verizon Yellow Pages Company) ("Bell Atlantic/Verizon")

3 in actions known as United States District Court, Southern District of New York Case No. 00 Civ.

4 0181 (GEL) and as United States District Court, Southern District of California, Case No. 97-CV-

5 1259 JM (CGA).  The parties to said civil actions entered into confidential settlement agreements,

6 and said predecessors in interest took a temporary license from Image One, giving Defendants time

7 to remove Plaintiff's images from Defendants' directories.  Said license expired more than four

8 years prior to the filing of this Complaint.  However, Defendants have continued to infringe, or

9 have resumed infringing, Plaintiff's copyrights by copying the protected work.

10        15.     IMAGE ONE has reviewed a sampling of Defendants' paper telephone directories

11 and yellow pages websites for the years 2006 through 2008 and determined that Defendants have

12 been publishing advertisements which IMAGE ONE believes, and based thereon alleges, infringe

13 on IMAGE ONE's Registered Works (hereinafter referred to as "Infringing Works"). (Attached

14 collectively as Exhibit "2" to the Notice of Lodgment filed concurrently herewith are true and

15 correct copies of the Infringing Works.)

16        16.     To date IMAGE ONE has only been able to obtain only a small percentage of the

17 Defendants' approximately 3,600 directories and yellow pages websites that were published by

18 Defendants during the years 2006, 2007 and 2008.  IMAGE ONE is informed and believes, and

19 based thereon alleges, that based on the infringements found to date, there are at least 2,400

20 infringements based on the projection of .69 infringements per paper directory, including Infringing

21 Works that remain undiscovered from the books that still need to be reviewed, with additional

22 infringements on the aforementioned yellow pages websites.

23        17.     The Infringing Works published by Defendants have appeared in telephone

24 directories published throughout the United States and on the internet.  IMAGE ONE is informed

25 and believes, and based thereon alleges, that since at least as early as 2006, 2007 and 2008,

26 Defendants have been reproducing, distributing, promoting and offering for sale, illegal and

27 unauthorized copies of the Infringing Works.

28 ///

1    18.    IMAGE ONE is informed and believes, and based thereon alleges, that Defendants

2  knowingly and willfully copied certain images of IMAGE ONE's Subject Works.  IMAGE ONE

3  is further informed and believes, and based thereon alleges, that Defendants copied the Subject and

4  Registered Works for the specific purposes of infringing IMAGE ONE's copyrights and selling

5  illegal and unauthorized copies of the Subject and Registered Works. Attached hereto collectively

6  as Exhibit "3" to the Notice of Lodgment filed concurrently herewith are just a few examples of

7  infringing advertisements created by Defendant.  The image on the left are the Defendants'

8  infringements and the images on the right are IMAGE ONE Registered Works.

9    19.    IMAGE ONE has identified three distinct types of infringing advertisements

10  allegedly published by Defendants.  IMAGE ONE has categorized these types of infringements as

11  Types A, B, and C for the purposes of this litigation.   Type A infringements are advertisements

12  published by Defendants for businesses who are not IMAGE ONE clients and which unlawfully

13  use  IMAGE ONE's  Registered Work. (*See*, Exhibit "4" to the Notice of Lodgment filed

14  concurrently herewith.)  Type B infringements are advertisements that were created by IMAGE

15  ONE for a client, but which have been illegally altered and republished by Defendants. (*See*,

16  Exhibit "5" to the Notice of Lodgment filed concurrently herewith.)  Type C infringements are

17  advertisements which utilize IMAGE ONE's Registered Work without permission by IMAGE

18  ONE clients who have purchased a different template. (*See*, Exhibit "6" to the Notice of Lodgment

19  filed concurrently herewith.) These Type C infringements are not well done and thus harm IMAGE

20  ONE's reputation and drastically reduce IMAGE ONE's business.

21    20.    IMAGE ONE is informed and believes, and based thereon alleges, that Defendants

22  are attempting to pass their advertisements off as if they are IMAGE ONE's in a manner calculated

23  to deceive IMAGE ONE's customers and members of the general public.  Defendants have copied

24  the artwork in IMAGE ONE's copyrighted advertisements in an effort to make Defendants'

25  infringing products confusingly similar to IMAGE ONE's.

26    21.    The natural, probable and foreseeable result of Defendants' wrongful conduct has

27  been to deprive, and it will continue to deprive, IMAGE ONE of the benefits of selling IMAGE

28  ///

1  ONE's Subject Works and its other products, to deprive IMAGE ONE of good will, and to injure

2  IMAGE ONE's relations with present and prospective customers.

3       22.    IMAGE ONE is informed and believes, and based thereon alleges, that it has lost,

4  and will continue to lose, substantial revenues from the sale of the Subject and Registered Works

5  and other products and will sustain damages as a result of Defendants' wrongful conduct and

6  production and sale of the infringing advertisements. Defendants' wrongful conduct has also

7  deprived and will continue to deprive IMAGE ONE of opportunities for improving the value of its

8  goodwill.

9       23.    IMAGE ONE is informed and believes, and based thereon alleges, that unless

10  enjoined by this Court, Defendants intend to continue their course of conduct and to wrongfully

11  use, infringe upon, sell and otherwise profit from IMAGE ONE's copyright protected artwork and

12  works derived from it.

13       24.    As a direct and proximate result of the acts alleged above, IMAGE ONE has already

14  suffered irreparable damage and has suffered lost profits. IMAGE ONE has no adequate remedy

15  at law to redress all of the injuries that Defendants have caused and intend to cause by their

16  conduct. IMAGE ONE will continue to suffer irreparable damage and sustain loss of profits until

17  Defendants' actions alleged above are enjoined by this Court. In addition, as the direct and

18  proximate result of the acts alleged above, Defendants, and each of them, have received profits

19  resulting from their reduced costs in that they have failed to make payment to IMAGE ONE for the

20  use of IMAGE ONE's work; and from increased sales in that they have held out said work as

21  Defendants' own property and work thereby directing advertising traffic directly to Defendants that

22  otherwise would have gone to Plaintiff and to yellow pages publishers including but not limited

23  to Defendants; and otherwise. In addition, Plaintiff has lost profits in that Plaintiff's business

24  would have expanded its market greatly if Plaintiff had been able to offer Plaintiff's services as the

25  unique source nationwide for Plaintiff's protected work, whereas Plaintiff has been unable to do

26  so due to Defendants' offering Plaintiff's work as if it were Defendant's own work available

27  without compensation to the artist, thereby causing harm to the reputation and market value of

28  Plaintiff's work.

## COUNT I

### (Copyright Infringement)

25.     IMAGE ONE incorporates by reference paragraphs 1 through 24 herein above as though the same were set forth in full herein.

26.     IMAGE ONE produces high-end graphic advertisements for customers seeking to advertise through the yellow page telephone directories and yellow pages internet sites. These advertisements constitute IMAGE ONE's Subject and Registered Works.

27.     The Subject and Registered Works are original creations expressed in artwork that is the exclusive and copyrighted property of IMAGE ONE. All copies, or derivations therefrom, are produced either directly by IMAGE ONE itself or, alternatively, under its authority or license. All such work has been published in conformity with the provisions of the Copyright Act, 17 U.S.C. § 101, et seq.

28.     The Infringing Works thus far identified by IMAGE ONE have harmed IMAGE ONE's business reputation and drastically depleted its profits. In most cases, the Infringing Works consist of scanned copies or derivations of original IMAGE ONE artwork that fall well below the quality of the original work from which the illegal advertisements were taken. These poor reproductions have upset some of IMAGE ONE's current clients, and have caused IMAGE ONE to lose repeat business as well as new and potential clients that often mistakenly believe Defendants' advertisements are original IMAGE ONE artwork.

29.     IMAGE ONE is informed and believes, and based thereon alleges, that Defendants knowingly and willfully copied IMAGE ONE's Subject and Registered Works. IMAGE ONE is further informed and believes, and based thereon alleges, that Defendants copied the Subject and Registered Works for the specific purpose of infringing IMAGE ONE's copyrights and selling illegal and unauthorized copies of the Subject and Registered Works.

30.     IMAGE ONE's work circulates throughout the country in phone books published by many different publishers, including Defendants' phone books. As such, Defendants have ready and easy access to IMAGE ONE's artwork.

///

1    31.    Defendants' conduct infringes IMAGE ONE's exclusive copyrights in its original

2    artwork in direct violation of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

3    32.    As a direct and proximate result of Defendants' wrongful acts alleged above,

4    IMAGE ONE seeks actual damages to compensate it for the loss of profits that Defendants have

5    caused; to compensate it for the loss to the reputation and market value of Plaintiff's work that

6    Defendants have caused; and to require Defendants to disgorge and turn over to Plaintiff all of the

7    profits that Defendants have made as a result of their reduction in cost by virtue of having failed

8    to compensate Plaintiff for Plaintiff's work.    To date IMAGE ONE has discovered 12

9    advertisements published by Defendants that are in violation of IMAGE ONE's Registered Works.

10   For these discovered infringements, on information and belief, and for purposes of this Complaint,

11   Defendants have gained an estimated $600,000.00 in profits while IMAGE ONE has lost at least

12   $36,000.00 in revenue for a total of $636,000.00 in damages.  Based upon information and belief,

13   in view of the small percentage of Defendants' ads that IMAGE ONE has yet reviewed, IMAGE

14   ONE alleges that there were an estimated 2,484 additional violating advertisements that IMAGE

15   ONE has not yet discovered, bringing the total to 2,496 estimated violating ads.  IMAGE ONE is

16   informed and believes, and based thereon alleges, the actual damages for the estimated 2,496

17   violating ads will be $132,288,000.00.

18   33.    Alternatively, as a direct and proximate result of the acts alleged above, IMAGE

19   ONE may instead elect to seek statutory damages under 17 U.S.C. § 504(c), in lieu of actual

20   damages, to compensate it for the loss of profits that Defendants have caused based on Defendants'

21   infringement of IMAGE ONE's federally registered works.  To date IMAGE ONE has discovered

22   12 advertisements which entitle IMAGE ONE to statutory damages recovery.  For each of the

23   statutory violations IMAGE ONE respectfully asserts that it is entitled to $150,000.00 per violation

24   due to the willful nature of Defendants' infringement.  The total statutory damages claimed on the

25   12 advertisements discovered by IMAGE ONE to date is thus $1,650,000.00. Based upon the fact

26   that IMAGE ONE, to date, has only viewed a small percentage of Defendants' total yellow pages

27   books and internet ads, based upon information and belief, IMAGE ONE alleges that a total of

28   approximately 2,484 additional advertisements remain undiscovered by IMAGE ONE, of which

1  an approximate 2,484 advertisements  are in violation of IMAGE ONE's federally registered

2  artwork and will qualify for statutory damages.  Accordingly,  IMAGE ONE is informed and

3  believes, and based thereon alleges, the damages for these undiscovered federally registered

4  advertisements  will total in excess of $372,600,000.00, bringing the total damages to

5  $374,250,000.00.

6      34.    In addition to statutory damages or actual damage and lost profits, IMAGE ONE

7  is entitled to the recovery of attorney's fees for the collection of its damage claim pursuant to 17

8  U.S.C. § 505.

9      35.    Finally, as a result of Defendants' acts, IMAGE ONE has suffered, and continues

10  to suffer, irreparable harm and injury as a result of Defendants' conduct as it did not benefit from

11  the sale of these designs.  In many cases the poor quality of the reproductions produced an

12  advertisement appearing far below IMAGE ONE's standards and is reflecting negatively on its

13  products and services.  Accordingly, IMAGE ONE has no adequate remedy at law, and is entitled

14  to an injunction restraining Defendants, their officers, directors, agents, employees, representatives,

15  and all persons acting in concert with them, from engaging in further acts of infringement of

16  IMAGE ONE's original artwork.

17      WHEREFOR, Plaintiff prays for judgment as set forth below.

18              **COUNT II**

19          **(Vicarious Copyright Infringement)**

20      36.    IMAGE ONE incorporates by reference paragraphs 1 through 35 herein above as

21  though the same were set forth in full herein.

22      37.    IMAGE ONE is informed and believes, and based thereon alleges, that where

23  Defendants did not directly engage in conduct that amounted to the unauthorized exploitation of

24  IMAGE ONE's copyrighted works, Defendants were given and received infringing copies or

25  derivations of IMAGE ONE work that was impermissibly reproduced by Defendants' advertising

26  clients.

27  // /

28  ///

1    38.    By publishing the infringing copies of IMAGE ONE's copyrighted works in its

2    yellow page directories that Defendants received from its advertising clients, Defendants possessed

3    the right and ability to supervise further infringing conduct by its advertising clients which occurred

4    through the publication of said directories.

5    39.    Defendants further had, and continue to have, an obvious and direct financial

6    interest in the exploitation of IMAGE ONE's copyrighted materials insofar as Defendants have a

7    direct financial interest in the publication of advertisements that Defendants prepare for their

8    clients.

9    40.    Defendants' conduct vicariously infringes IMAGE ONE's exclusive copyrights

10    in its original artwork in direct violation of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

11    41.    As a direct and proximate result of Defendants' wrongful acts alleged above,

12    IMAGE ONE seeks actual damages to compensate it for the loss of profits that Defendants have

13    caused; to compensate it for the loss to the reputation and market value of Plaintiff's work that

14    Defendants have caused; and to require Defendants to disgorge and turn over to Plaintiff all of the

15    profits that Defendants have made as a result of their reduction in cost by virtue of having failed

16    to compensate Plaintiff for Plaintiff's work.    To date IMAGE ONE has discovered 12

17    advertisements published by Defendants that are in violation of IMAGE ONE's Registered Works.

18    For these discovered infringements, Defendants have gained $600,000.00 in profits while IMAGE

19    ONE has lost $36,000.00 in revenue for a total of $636,000.00 in damages.    Based upon

20    information and belief, in view of the small percentage of Defendants' ads that IMAGE ONE has

21    yet reviewed, IMAGE ONE alleges that there were an estimated 2,484 additional violating

22    advertisements that IMAGE ONE has not yet discovered, bringing the total to 2,496 estimated

23    violating ads.    IMAGE ONE is informed and believes, and based thereon alleges, the actual

24    damages for the estimated 2,496 violating ads will be $132,288,000.00.

25    42.    Alternatively, as a direct and proximate result of the acts alleged above, IMAGE

26    ONE may instead elect to seek statutory damages under 17 U.S.C. § 504(c), in lieu of actual

27    damages, to compensate it for the loss of profits that Defendants have caused based on Defendants'

28    infringement of IMAGE ONE's federally registered works.    To date IMAGE ONE has discovered

1   12 advertisements which entitle IMAGE ONE to statutory damages recovery.  For each of the

2   statutory violations IMAGE ONE respectfully asserts that it is entitled to $150,000.00 per violation

3   due to the willful nature of Defendants' infringement.  The total statutory damages claimed on the

4   12 advertisements discovered by IMAGE ONE to date is thus $1,650,000.00. Based upon the fact

5   that IMAGE ONE, to date, has only viewed a small percentage of Defendants' total yellow pages

6   books and internet ads, based upon information and belief, IMAGE ONE alleges that a total of

7   approximately 2,484 additional advertisements remain undiscovered by IMAGE ONE, of which

8   an approximate 2,484 advertisements  are in violation of IMAGE ONE's federally registered

9   artwork and will qualify for statutory damages.  Accordingly,  IMAGE ONE is informed and

10  believes, and based thereon alleges, the damages for these undiscovered federally registered

11  advertisements will total in excess of $372,600,000.00, bringing the total damages to

12  $374,250,000.00.

13      43.     In addition to statutory damages or actual damage and lost profits, IMAGE ONE

14  is entitled to the recovery of attorney's fees for the collection of its damage claim pursuant to 17

15  U.S.C. § 505.

16      44.     Finally, as a result of Defendants' acts, IMAGE ONE has suffered, and continues

17  to suffer, irreparable harm and injury as a result of Defendants' conduct as it did not benefit from

18  the sale of these designs.  In many cases the poor quality of the reproductions produced an

19  advertisement appearing far below IMAGE ONE's standards and is reflecting negatively on its

20  products and services. Accordingly, IMAGE ONE has no adequate remedy at law, and is entitled

21  to an injunction restraining Defendants, their officers, directors, agents, employees, representatives,

22  and all persons acting in concert with them, from engaging in further acts of infringement of

23  IMAGE ONE's original artwork.

24      WHEREFOR, Plaintiff prays for judgment as set forth below.

25                              **COUNT III**

26                    **(Contributory Copyright Infringement)**

27      45.     IMAGE ONE incorporates by reference paragraphs 1 through 44 herein above as

28  though the same were set forth in full herein.

46.     IMAGE ONE is informed and believes, and based thereon alleges, that where Defendants did not directly engage in conduct that amounted to the unauthorized exploitation of IMAGE ONE's copyrighted works, Defendants were given and received infringing copies or derivations of IMAGE ONE work that was impermissibly reproduced by Defendants' advertising clients.   In addition, Defendants VERIZON COMMUNICATIONS, INC. and VERIZON YELLOW PAGES, on information and belief, entered into a contract with Defendant IDEARC, INC. (a VERIZON spin-off corporation) by which IDEARC, INC. and its defendant related entities provided, and continue to provide, telephone directories for VERIZON customers.  In preparing such directories for VERIZON customers, IDEARC, INC. and its related entity defendants have continued to use infringing images previously used by VERIZON TELECOMMUNCATIONS, INC., VERIZON YELLOW PAGES, and their related entities, such that Defendants VERIZON COMMUNICATIONS, INC. continued to derive a profit from the copyright infringement performed by IDEARC, INC. and its related entity defendants.     VERIZON TELECOMMUNICATIONS, INC. ("VERIZON") knew of the nature and copyright protection attributable to Plaintiff's work by virtue of the previously settled copyright infringement litigation mentioned above, and VERIZON thus had actual knowledge of the continued infringement after a expiration of the temporary license, and at the time when VERIZON spun off IDEARC, INC. Moreover, VERIZON therefor had actual knowledge sufficient to inform VERIZON that the IDEARC, INC. directories prepared for VERIZON under said contract, were infringing on Plaintiff's copyrights, and VERIZON continued to infringe on said copyrights by making use of the IDEARC directories prepared under contract for VERIZON customers.

47.     Defendants knew or should have known that the unauthorized reproductions or derivations of IMAGE ONE's copyrighted works that Defendants received from their advertising clients were infringing works, and by furnishing the means and materials by which said work could be further infringed in Defendants' yellow page directories, Defendants induced, caused, and materially contributed to the infringing conduct of its advertising clients.

48.     In furnishing the means and materials by which IMAGE ONE's copyrighted works could be impermissibly reproduced or altered in Defendants' yellow page directories, Defendants

1   either knew that the work it received from its advertising clients was illegitimate, or, alternatively,

2   where Defendants lacked such prior knowledge, Defendants should have known the works were

3   illegitimate because Defendants failed reasonably investigate or inquire as to whether the artwork

4   it received from its clients was original work or an authorized copy licensed by the true copyright

5   owner.  Moreover, Defendant VERIZON COMMUNICATIONS, INC. either knew that the work

6   it received from IDEARC, INC. and its related entity defendants, was illegitimate, or, alternatively,

7   where VERIZON lacked such prior knowledge, VERIZON should have known the works were

8   illegitimate because VERIZON failed reasonably investigate or inquire as to whether the artwork

9   it received in the directories prepared by defendant IDEARC, INC. under contract with VERIZON

10  was an authorized copy licensed by the true copyright owner.

11          49.     Defendants further had, and continue to have, an obvious and direct financial

12  interest in the exploitation of IMAGE ONE's copyrighted materials insofar as Defendants have

13  profited from the publication of these advertisements it prepares on behalf of its clients, and in that

14  VERIZON has profited from the delivery of the IDEARC, INC. directories to VERIZON

15  customers, whether identified on the cover as VERIZON directories or otherwise.

16          50.     Defendants' conduct contributorily infringes IMAGE ONE's exclusive copyrights

17  in their original artwork in direct violation of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

18          51.     As a direct and proximate result of Defendants' wrongful acts alleged above,

19  IMAGE ONE seeks actual damages to compensate it for the loss of profits that Defendants have

20  caused; to compensate it for the loss to the reputation and market value of Plaintiff's work that

21  Defendants have caused; and to require Defendants to disgorge and turn over to Plaintiff all of the

22  profits that Defendants have made as a result of their reduction in cost by virtue of having failed

23  to compensate Plaintiff for Plaintiff's work.   To date IMAGE ONE has discovered 12

24  advertisements published by Defendants that are in violation of IMAGE ONE's Registered Works.

25  For these discovered infringements, Defendants have gained $600,000.00 in profits while IMAGE

26  ONE has lost $36,000.00 in revenue of $636,000.00 in damages.  Based upon information and

27  belief, in view of the small percentage of Defendants' ads that IMAGE ONE has yet reviewed,

28  IMAGE ONE alleges that there were an estimated 2,484 additional violating advertisements that

1   IMAGE ONE has not yet discovered, bringing the total to 2,496 estimated violating ads.  IMAGE

2   ONE is informed and believes, and based thereon alleges, the actual damages for the estimated

3   2,496 violating ads will be $132,288,000.00.

4       52.    Alternatively, as a direct and proximate result of the acts alleged above, IMAGE

5   ONE may instead elect to seek statutory damages under 17 U.S.C. § 504(c), in lieu of actual

6   damages, to compensate it for the loss of profits that Defendants have caused based on Defendants'

7   infringement of IMAGE ONE's federally registered works.  To date IMAGE ONE has discovered

8   12 advertisements which entitle IMAGE ONE to statutory damages recovery.  For each of the

9   statutory violations IMAGE ONE respectfully asserts that it is entitled to $150,000.00 per violation

10   due to the willful nature of Defendants' infringement.  The total statutory damages claimed on the

11   12 advertisements discovered by IMAGE ONE to date is thus $1,650,000.00.  Based upon the fact

12   that IMAGE ONE, to date, has only viewed a small percentage of Defendants' total yellow pages

13   books and internet ads, based upon information and belief, IMAGE ONE alleges that a total of

14   approximately 2,484 additional advertisements remain undiscovered by IMAGE ONE, of which

15   an approximate 2,484 advertisements  are in violation of IMAGE ONE's federally registered

16   artwork and will qualify for statutory damages.  Accordingly,  IMAGE ONE is informed and

17   believes, and based thereon alleges, the damages for these undiscovered federally registered

18   advertisements will total in excess of $372,600,000.00, bringing the total damages to

19   $374,250,000.00.

20       53.    In addition to statutory damages or actual damage and lost profits, IMAGE ONE

21   is entitled to the recovery of attorney's fees for the collection of its damage claim pursuant to 17

22   U.S.C. § 505.

23       54.    Finally, as a result of Defendants' acts, IMAGE ONE has suffered, and continues

24   to suffer, irreparable harm and injury as a result of Defendants' conduct as it did not benefit from

25   the sale of these designs.  In many cases the poor quality of the reproductions produced an

26   advertisement appearing far below IMAGE ONE's standards and is reflecting negatively on its

27   products and services.  Accordingly, IMAGE ONE has no adequate remedy at law, and is entitled

28   to an injunction restraining Defendants, their officers, directors, agents, employees, representatives,

1   and all persons acting in concert with them, from engaging in further acts of infringement of

2   IMAGE ONE's original artwork.

3      WHEREFOR, Plaintiff prays for judgment as set forth below.

4   **COUNT IV**

5   **(False Designation of Origin Under Section 43(a) of the Lanham Act**
**[15 U.S.C. §1125(a)])**

6

7      55.   IMAGE ONE incorporates by reference paragraphs 1 through 54 herein above as

though the same were set forth in full herein.

8

9      56.   IMAGE ONE creates high-end, inherently distinctive, three-dimensional yellow

page advertisements custom tailored to their clients' needs.  These yellow page advertisements are

10

11   published in numerous telephone directories nationwide.

12      57.   IMAGE ONE has expended considerable time, effort and sums of money

13   developing, publishing and disseminating promotional artwork and advertising materials that

exemplify the distinctiveness of its artwork as compared to the more generic, low quality yellow-

14   page artwork that is prepared and produced in-house by the various large yellow page publishers

15   throughout the United States.

16      58.   As a result of IMAGE ONE's activities and efforts in this regard, the yellow page

17   advertisement industry and the public at large who purchase yellow page advertisements and

18   artwork on a regular basis have come to identify the unique and distinctive configuration and trade

19   dress associated with IMAGE ONE's business.  Evidence of this association is supported by an

20   independent study that was conducted by Gerald Lohse of the Wharton School of business in

21   Pennsylvania, which concluded that IMAGE ONE artwork was four times more effective than a

22   typical "Black and White" yellow page advertisement in its ability to generate customer responses

23   compared to the standard advertisement produced elsewhere.  As such, IMAGE ONE artwork has

24   created a distinct visual and source identifying impression in the minds of yellow page advertising

25   consumers to such a degree that this unique artwork has acquired secondary meaning associating

26   it with IMAGE ONE's business.

27   ///

28

1        59.    Defendants have willfully developed, produced, adapted and distributed to the

2    public in this District and in other locations in the United States, promotional artwork and

3    advertising materials-which appropriate IMAGE ONE's configuration, design and trade dress,

4    which has consisted of modified yellow page advertisements, created by IMAGE ONE, for their

5    clients, without the permission of IMAGE ONE.  On many of these infringing advertisements

6    Defendants have willfully left the IMAGE ONE copyright symbol in place.  These modified

7    advertisements are not representative of IMAGE ONE's quality work, and are in fact are poorly

8    composed and printed, as such these advertisements could be viewed by the public as

9    unprofessional work created by IMAGE ONE.

10       60.    In addition, Defendants have willfully removed the IMAGE ONE copyright notation

11   from some IMAGE ONE artwork and advertising materials, and have copied the IMAGE ONE

12   designs while replacing the copyright notation with Defendants' own copyright notation, knowing

13   that the work was in fact created and copyright protected by IMAGE ONE.

14       61.    Defendants have willfully placed their versions of the IMAGE ONE artwork in

15   interstate commerce, as they have reprinted and published yellow page advertisements for

16   businesses throughout the country, in numerous phone books nationwide and in yellow pages

17   websites on the internet.  As such, Defendants have willfully passed-off IMAGE ONE artwork as

18   their own, thereby misleading the public into believing that said artwork is titled to and originated

19   with Defendants and/or their clients who purchased yellow page advertising space in Defendants'

20   published directories.

21       62.    Defendants' conduct has confused and is likely to confuse the public and violates

22   15 U.S.C. § 1125(a), popularly titled Section 43(a) of the Lanham Act.

23       63.    As a direct and proximate result of Defendants' wrongful acts alleged above,

24   IMAGE ONE seeks actual damages pursuant to Section 35 of the Lanham Act to compensate it for

25   the loss of profits that Defendants have caused, including Plaintiff's lost profits, damages incurred

26   as a result of the erosion of the market price for Plaintiff's work, loss of goodwill, and the expense

27   of any corrective advertising that may be needed to counteract the damage and to mitigate future

28   damages.  To date, IMAGE ONE has discovered 12 advertisements published by Defendants that

1   are in violation of IMAGE ONE's Registered Works.  In addition, on information and belief, these

2   discovered registered infringements Defendants have gained $600,000.00 in profits, and Plaintiff

3   seeks a determination of the full amount of Defendants' profits as a result of said trademark

4   infringements, and an order determining the amount of Plaintiff's damages to include the

5   disgorgement of the Defendants' profits obtained by the infringement.  As stated above, based upon

6   information and belief, IMAGE ONE alleges that approximately 2,484 additional violating

7   advertisements remain undiscovered.  IMAGE ONE is informed and believes, and based thereon

8   alleges, the actual damages for the entire estimated 2,496 advertisements will total an estimated

9   $374,250,000.00.

10      64.    In addition to actual damages and lost profits, IMAGE ONE seeks recovery of

11   reasonable attorneys' fees and treble damages set forth under 15 U.S.C. § 1117 based on the

12   information and belief that Defendants' conduct was willful and intentional.

13      65.    Finally, as a result of Defendants' acts, IMAGE ONE has suffered, and continues

14   to suffer, irreparable harm and injury as a result of Defendants' conduct as it did not benefit from

15   the sale of these advertising designs.  In many cases the poor quality of the reproduction produced

16   an advertisement appearing far below IMAGE ONE's standards reflecting negatively on its

17   products and services.  As many of these designs still have the IMAGE ONE mark,   the

18   substandard quality of the reproduction negatively reflects on IMAGE ONE's otherwise quality

19   product, thus harming IMAGE ONE's business reputation.  Accordingly, IMAGE ONE has no

20   adequate remedy at law, and is entitled to an injunction restraining Defendants, their officers,

21   directors, agents, employees, representatives, and all persons acting in concert with them, from

22   engaging in further acts of infringement, and from further commercially passing-off IMAGE

23   ONE's Trademark, Tradename, Service Mark and/or Trade Dress as belonging to Defendants.

24                 **COUNT VI**

25   **(Unfair Competition Under California Business & Professions Code Section 17200)**

26      66.    IMAGE ONE incorporates by reference paragraphs 1 through 65 herein above as

27   though the same were set forth in full herein.

28   ///

67.     Defendants, and each of tem, engaged in unlawful, unfair and fraudulent business practices and deceptive, untrue and misleading advertising in selling advertisements to Defendants' customers that violated Plaintiff's copyright and in representing such advertisements to be the property of Defendants which Defendants further represented that they could sell to Defendants' purchasers.  In thus unfairly, falsely and fraudulently representing Plaintiff's art work to be the property of Defendants, and in misappropriating the use of said art work without Plaintiff's consent, Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, and Plaintiff so alleges on its own behalf and on behalf of the general public.

69.     Accordingly, Plaintiff further seeks an order enjoining all such unfair business practices by Defendants,  their directors and officers, agents, servants, employees, and all other persons in active concert of privity or in participation with them, pursuant to Business & Professions Code section 17203.

67.     As the proximate result of said unfair competition in violation of California Business & Professions Code section 17200, Defendants have been unjustly enriched, and Plaintiff is entitled to restitution and disgorgement of all profits that Defendants obtained as a result of said unfair competition pursuant to Business & Professions Code section 17203, in the amount of $374,250,000.00 or according to proof.

WHEREFOR, Plaintiff prays for judgment as set forth below.

## COUNT VI

### (Civil Conspiracy)

68.     IMAGE ONE incorporates by reference paragraphs 1 through 67 herein above as though the same were set forth in full herein.

69.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, entered into an agreement under which said defendants, acting in concert, agreed to willfully or knowingly engage in the acts of copyright infringement, trademark infringement, and unfair competition alleged above.

///

1    70.    The acts of Defendants, and each of them, were in furtherance of a conspiracy to

2  violate a legal duty for their own personal financial gain.

3    71.    Defendants had an independent duty to Plaintiff and all others similarly situated not

4  to engage in said conduct and their conduct involves a conspiracy to violate a legal duty in

5  furtherance of Defendants' financial gain.

6    72.    Defendants at all times did the acts and things herein alleged pursuant to, and in

7  furtherance of, the conspiracy and agreement alleged above.

8    73.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

9  has been damaged as alleged hereinabove, in a sum according to proof, and seeks to recover said

10  damages, attorney's fees, costs, and pre-judgment interest from the Defendants, and each of them,

11  based upon said civil conspiracy.

12    WHEREFOR, Plaintiff prays for judgment as follows:

13                                    **PRAYER FOR RELIEF**

14    WHEREFORE, IMAGE ONE prays for judgment against Defendants, and each of them,

15  as follows:

16    **ON COUNT 1:**

17    1.    That the Court find Defendants have infringed IMAGE ONE's copyrights in the

18  Subject Work;

19    2.    That the Court find a substantial likelihood that Defendants will continue to infringe

20  IMAGE ONE's copyrights in the Subject Works unless enjoined from doing so;

21    3.    That Defendants, their directors and officers, agents, servants, employees, and all

22  other persons in active concert of privity or in participation with them, be enjoined from directly

23  or indirectly infringing IMAGE ONE's copyrights in the Subject Works or continuing to market,

24  offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture

25  any works derived or copied from the Subject Work or to participate or assist in any such activity;

26    4.    That Defendants, their directors and officers, agents, servants, employees, and all

27  other persons in active concert of privity or in participation with them, be enjoined to return to

28  IMAGE ONE any and all originals, copies, facsimiles, or duplicates of the subject work in their

1   possession, custody or control;

2       5.    That Defendants, their directors and officers, agents, servants, employees, and all

3   other persons in active concert of privity or in participation with them, be enjoined to recall from

4   all distributors, wholesalers, jobbers, dealers, retailers, and distributors and all others known to

5   Defendants, any originals, copies, facsimiles, or duplicates of any work shown by the evidence to

6   infringe any copyright of the Subject Work;

7       6.    That Defendants be enjoined to deliver upon oath, to be impounded during the

8   pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles

9   or duplicates of any work shown by the evidence to infringe any copyright in the Subject Work;

10       7.    That Defendants be required to file with the Court and serve on IMAGE ONE,

11   within 30 days after service of the Court's order as herein prayed, a report in writing under oath

12   setting forth in detail the manner and form in which Defendants have complied with the Court's

13   order;

14       8.    That judgment be entered for IMAGE ONE and against Defendants for IMAGE

15   ONE's actual damages according to proof, and for any profits attributable to infringements of

16   IMAGE ONE's copyrights, in accordance with proof, in the sum of $132,288,000.00 or according

17   to proof;

18       9.    That judgment be entered for IMAGE ONE and against Defendants for statutory

19   damages based upon Defendants' acts of infringement, pursuant to the Copyright Act of 1976, 17

20   U.S.C. §§ 101 et seq, in the sum of $374,250,000.00;

21       10.    That Defendants be required to account for all gains, profits, and advantages derived

22   from its acts of infringement and for their other violations of law;

23       11.    That all gains, profits and advantages derived by Defendants from their acts of

24   infringement and other violations of law be deemed to be held in constructive trust for the benefit

25   of IMAGE ONE, and that this Court order an accounting of all such gains, profits and advantages

26   subject to said trust so as to order all such assets disgorged to the Plaintiff;

27       12.    That IMAGE ONE have judgment against Defendants for IMAGE ONE's costs and

28   attorneys' fees; and

13.     That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

**ON COUNTS II and III**:

1.     That the Court find Defendants have vicariously and contributorily infringed IMAGE ONE's copyrights in the Subject Work by facilitating the direct infringement of the Subject Works engaged in by Defendants' advertising clients;

2.     That the Court find a substantial likelihood that Defendants will continue to vicariously and contributorily infringe IMAGE ONE's copyrights in the Subject Works unless enjoined from doing so;

3.     That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert of privity or in participation with them, be enjoined from directly or indirectly infringing IMAGE ONE's copyrights in the Subject Works or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Subject Work or to participate or assist in any such activity;

4.     That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert of privity or in participation with them, be enjoined to return to IMAGE ONE any and all originals, copies, facsimiles, or duplicates of the Subject Work in their possession, custody or control;

5.     That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert of privity or in participation with them, be enjoined to recall from all distributors, wholesalers, jobbers, dealers, retailers, and distributors and all others known to Defendants, any originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any copyright of the Subject Work;

6.     That Defendants be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles or duplicates of any work shown by the evidence to infringe any copyright in the Subject Work;

7.     That Defendants be required to file with the Court and serve on IMAGE ONE, within 30 days after service of the Court's order as herein prayed, a report in writing under oath

1  setting forth in detail the manner and form in which Defendants have complied with the Court's

2  order;

3         8.     That judgment be entered for IMAGE ONE and against Defendants for IMAGE

4  ONE's actual damages according to proof, and for any profits attributable to infringements of

5  IMAGE ONE's copyrights, in accordance with proof, in the sum of $132,288,000.00 or according

6  to proof;

7         9.     That judgment be entered for IMAGE ONE and against Defendants for statutory

8  damages based upon Defendants' acts of infringement, pursuant to the Copyright Act of 1976, 17

9  U.S.C. §§ 101 et seq, in the sum of $374,250,000.00;

10       10.     That Defendants be required to account for all gains, profits, and advantages derived

11  from their acts of infringement and for their other violations of law;

12       11.     That all gains, profits and advantages derived by Defendants from their acts of

13  infringement and other violations of law be deemed to be held in constructive trust for the benefit

14  of IMAGE ONE, and that this Court order an accounting of all such gains, profits and advantages

15  subject to said trust so as to order all such assets disgorged to the Plaintiff;

16       12.     That IMAGE ONE have judgment against Defendants for IMAGE ONE's costs and

17  attorneys' fees; and

18       13.     That the Court grant such other, further, and different relief as the Court deems

19  proper under the circumstances.

20  **ON COUNT IV:**

21       1.     That Defendants, their officers, agents and servants and all persons acting in concert

22  with them be temporarily restrained, preliminarily enjoined during the pendency of this action and

23  permanently enjoined thereafter from infringing in any manner, as well as passing off as its own,

24  IMAGE ONE's service marks, trade marks, and trade dress embodied in any and all of its original

25  artwork;

26       2.     That Defendants, their officers, agents and servants and all persons acting in concert

27  with them be temporarily restrained, preliminarily enjoined during the pendency of this action and

28  ///

**COMPLAINT**

1  permanently enjoined thereafter from all false designation of the origin of trademarks, trade dresses

2  and service marks contained in IMAGE ONE's work;

3      3.    That Defendants be required to deliver to the Court for impoundment and

4  destruction all materials that infringe IMAGE ONE's service marks, trademarks, and trade dress

5  embodied in any and all of their original artwork;

6      4.    For actual damages and disgorgement of profits, according to proof at trial, in the

7  sum of $374,250,000.00 pursuant to 17 U.S.C. § 1125 (a);

8      5.    That all gains, profits and advantages derived by Defendants from their acts of

9  infringement and other violations of law be deemed to be held in constructive trust for the benefit

10  of IMAGE ONE, and that this Court order an accounting of all such gains, profits and advantages

11  subject to said trust so as to order all such assets disgorged to the Plaintiff;

12      6.    For attorney's fees under 15 U.S.C. 1117;

13      7.    For costs of suit incurred herein; and

14      8.    For such other and further relief as the Court deems just and proper.

15  **ON COUNT V:**

16      1.    That Defendants, their directors and officers, agents, servants, employees, and all

17  other persons in active concert of privity or in participation with them, be enjoined in the same

18  manner as sought for Counts 1 through IV, inclusive, in this Prayer for Relief;

19      2.    That judgment be entered for IMAGE ONE and against Defendants, and each of

20  them, in the amount of all profits that Defendants obtained as a result of the unfair competition here

21  in issue, in the sum of $374,250,000.00 or according to proof;

22      3.    That all gains, profits and advantages derived by Defendants from their acts of

23  infringement and other violations of law be deemed to be held in constructive trust for the benefit

24  of IMAGE ONE, and that this Court order an accounting of all such gains, profits and advantages

25  subject to said trust so as to order all such assets disgorged to the Plaintiff;

26      4.    That IMAGE ONE have judgment against Defendants for IMAGE ONE's costs of

27  court incurred herein; and

28  ///

1        5.    That the Court grant such other, further, and different relief as the Court deems

2    proper under the circumstances.

3    **ON COUNT VI:**

4        1.    For an order of this Court declaring that all of the Defendants, and each of them,

5    were parties to a civil conspiracy in furtherance of the actions alleged herein and that each of the

6    Defendants are thus jointly and severally liable to the Plaintiff for all damages awarded against any

7    of the Defendants under the various Counts of this Complaint, in the amount of $374,250,000.00

8    or according to proof;

9        2.    That all gains, profits and advantages derived by each of the Defendants from their

10   own and any other Defendant's acts of infringement and other violations of law be deemed to be

11   held in constructive trust for the benefit of IMAGE ONE, and that this Court order an accounting

12   of all such gains, profits and advantages subject to said trust so as to order all such assets disgorged

13   to the Plaintiff;

14       3.    For attorney fees and costs of court incurred herein.

15

16   Dated: January 13, 2009               MILTNER LAW GROUP, APC

17

18                           By:

19                                 William L. Miltner, Esq.
                                   Walter E. Menck, Esq.

20                                 Teresa L. Polk, Esq.
                                   Attorneys for Plaintiff LISA

21                                 McCONNELL, INC., d.b.a IMAGE ONE

22                                 **[PLAINTIFFS DEMAND JURY TRIAL PER F.R.C.P. 38]**

23

24

25

26   G:\4425\025\Pleadings\Image One v Idearc Complaint.wpd

27

28

**COMPLAINT**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

LISA McCONNELL, INC. d.b.a. IMAGE ONE IDEARC, INC. et. al.

**(b)** County of Residence of First Listed Plaintiff   San Diego County, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

'09 CV 0 061 IEG AJB

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Miltner Law Group, APC, 402 W. Broadway, Suite 800
San Diego, CA 92101, (619) 615-5333

## DEFENDANTS

County of Residence of First Listed Defendant   Dallas County, Texas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

Unknown

FILED
JAN 13 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                  and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 USC 101

Brief description of cause:
Infringement of custom designed yellow pages ads

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE                                          DOCKET NUMBER

DATE   January 13, 2008

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #  59016   AMOUNT  $350   APPLYING IFP   JUDGE   MAG. JUDGE

TB 01/15/09

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 159016   — MB**

**January 15, 2009
08:50:44**

**Civ Fil Non-Pris**
USAO #.: 09CV0061 CIVIL FILING
Judge..: IRMA E GONZALEZ
Amount.:                    $350.00 CK
Check#.: 13124

**Total-> $350.00**

FROM: LISA MCCONNELL DBA IMAGE ONE
      IDEARC VS